IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50277
Summary Calendar
_____

ORLANDO C., by next friend Eva C.,

Plaintiff-Appellant,

versus

YSLETA INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-172-DB
--------------------
October 24, 2001

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Orlando C. (Orlando) appeals the district court's grant of summary judgment in favor of the Ysleta Independent School District (YISD) in the instant suit brought under the Individuals with Disabilities Education Act (IDEA). Orlando filed suit in the district court after a hearing officer, in proceedings before the Texas Education Agency, dismissed as unripe claims that the YISD failed to provide certain IDEA procedural safeguards in connection with a disciplinary incident.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In granting summary judgment in favor of the YISD below, the district court likewise determined that the claims were unripe, concluding that the claims were contingent on the occurrence of a "change of placement," or 10-day removal from school, which had not taken place at the time Orlando's administrative complaint was filed.  See Texas v. United States, 523 U.S. 296, 300 (1998) (stating that claims are not ripe for adjudication if they rest upon contingent future events that may not occur as expected or that may not occur at all).  We need not address the correctness of the district court's "change of placement" analysis because Orlando has not argued in his principal brief how it was incorrect.  See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Orlando has failed to point to any reversible error in the district court's legal analysis.  Accordingly, the district court's judgment is AFFIRMED.  See Brinkmann, 813 F.2d at 748.